CINTRÓN, PLAINTIFF AND APPELLEE, *v.* EL ZENIT, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez on a Motion for Change of Venue in an Action of Debt.

No. 1796.—Decided April 15, 1918.

VENUE — AFFIDAVIT OF MERITS. — The term *"declaración jurada y fundada"* referred to in section 82 of the Code of Civil Procedure corresponds to the term "affidavit of merits" in the English text.

ID.—DEFENSE.—In a motion for change of venue facts must be stated which will enable the court to determine whether the defendant has good grounds of defense against the action.

In — CONVENIENCE OF WITNESSES. — When a change of venue is sought for the convenience of the witnesses it must be shown that these witnesses are important or necessary or what facts the defendant expects to prove by them; otherwise the lower court will not be in a position to appreciate the matter of convenience.

The facts are stated in the opinion.

*Mr. M. Benítez Flores* for the appellant.

*Mr. José Ramón Freyre* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from an order of the District Court of Mayagüez refusing a change of venue to another judicial district.

The said order, which is dated January 11, 1918, is as follows:

"This is a motion by the defendant, filed together with a demurrer, praying that this action be transferred to the District Court of San Juan because it is the residence of said defendant and also for the convenience of the witnesses.

"The motion is not accompanied by an affidavit showing that the defendant has a good defense to the merits of the action, which is necessary to support a motion of this kind. Moreover, the plea of convenience of witnesses cannot be taken into consideration because it is nowhere stated who the witnesses are or where they reside, nor is any information given by which the court could arrive at a conclusion regarding the relevancy or irrelevancy of their testimony. Therefore the court overrules the said motion for change of venue."

As is seen, the question involved in the appeal is not whether the appellant is entitled to a change of venue, but whether he asserted his right in accordance with the law.

Section 82 of the Code of Civil Procedure provides that if the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits (*declaración jurada y fundada*), and demands, in writing, that the trial be had in the proper district.

The object of the action is to recover .the sum of $4,410 from the defendant, a mutual co-operative accident insurance company incorporated under the laws of Porto Rico, due to the plaintiff as beneficiary of the deceased member María Soler y Mercader, and the verified motion for change of venue is based on the fact that the defendant has had its principal office in the city of San Juan since its organization and that the trial of the case in Mayagüez would inevitably cause complications, difficulties, unnecessary expense and incalculable injury to the defendant.

The motion for change of venue was made when the complaint was demurred to on the ground that it did not allege facts sufficient to constitute a cause of action and was accompanied by two affidavits, one of the president and one of the treasurer of the insurance company called El Zenit, but neither of these affidavits avers any fact which would enable the court to determine whether or not the defendant has a good ground of defense against the action. Properly speaking, there is no affidavit of merits as required by the cited section of the Code of Civil Procedure. *Fajardo et al. v. Tió,* 17 P. R. R. 230; *Bithorn et al. v. Ball et al.,* 17 P. R. R. 549.

As regards the change of venue on the ground of the convenience of the witnesses, neither in the motion nor in the affidavits is there any averment tending to show that the witnesses are important or necessary or what facts the defendant expected to prove by them, therefore the lower court was not in a position to pass upon the convenience invoked. *Arzuaga & Co. v. Aramburu,* 15 P. R. R. 165; *Saric v. Porto Rican Leaf Tobacco Co.,* 15 P. R. R. 190; *Torres et al. v. Torres et al.,* 16 P. R. R. 334.

The allegations of the appellant for the purpose of obtaining the reversal of the order appealed from go to show that the District Court of San Juan has jurisdiction of the action, but this is not the question involved in the appeal.

It is whether the appellant has asserted his right to the change of venue according to law.

The order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.